HARLEYSVILLE MUTUAL CASUALTY CO. ET AL. APPELLANTS, *v.*
THOMAS, ADMX., APPELLEE.

(No. 662—Decided January 11, 1968.)

*Messrs. Frayne, Balzer, Warren & Andreoff,* for appellants.

*Messrs. Martin, Browne, Hull & Harper* and *Mr. Robin R. Freeman,* for appellee.

KERNS, J. This action arose from a collision on September 26, 1964, between an automobile operated by defendant-appellee's decedent, Billie Thomas, and a truck operated by Lowell L. Rudd and insured by the plaintiff-appellant Harleysville Mutual Casualty Company.

The accident occurred at about 9:30 a. m. on a dry,

clear day at the intersection of Solon and South Charleston Roads, which are both macadamized, two-lane highways.

Solon Road extends east and west from the intersection and is a "through highway." South Charleston Road extends north and south from the intersection and is a "stop highway."

At the time of the accident, Thomas was driving in a northerly direction on South Charleston Road and Rudd was driving in a westerly direction on Solon Road.

In their petition, the owner of the truck, Emmett Coil, and his insurer, Harleysville Mutual, sought damages in the amount of $2,000, alleging that the truck was damaged as a proximate result of the negligence of Billie Thomas.

The defendant-appellee's answer generally denies the allegations of the petition and sets forth the affirmative defense of contributory negligence.

There were no witnesses to the accident other than the drivers of the vehicles, and the testimony of Billie Thomas was not available due to his death.

Lowell Rudd, the truck driver, testified that he was driving in a westerly direction on Solon Road at about forty-five miles per hour; that he glanced to the left and saw an automobile headed north on South Charleston Road; that when the automobile reached the stop sign, he became aware that it was not going to stop, but was going to continue out into the intersection; that he did not have a chance to do anything to avoid the collision; that he went for the brakes, but could not say whether he applied them; and that he could not recall whether he gave a horn signal or turned the truck in any manner to avoid the collision.

In support of the allegations pertaining to contributory negligence, the defense had to rely upon certain findings of the investigating officer, Wayne L. Strawn, of the Ohio State Patrol.

Patrolman Strawn testified that the empty dump truck operated by Rudd weighed about four thousand pounds; that Solon Road, as it approaches the intersection, is straight and slightly downgrade; that there was a yel-

low line on Solon Road east of the intersection; that the approximate point of impact was three feet ten inches from the north edge of Solon Road; that the truck left no skid marks; that the vehicles were found in a field to the northwest of the intersection ninety-five and one hundred feet from the point of impact; and that the vehicles tore down approximately seventy-five feet of fence in leaving the road. Photographs were also introduced showing substantial damage to both vehicles.

The trial court charged the jury as a matter of law that the defendant-appellee's decedent, Billie Thomas, was negligent in the operation of his automobile proximately causing the accident, and the record amply supports this conclusion.

Hence, the principal issue in the case revolved around contributory negligence. In support of this defense, the defendant-appellee alleged excessive speed, and in support of the allegation, the defendant-appellee relies almost entirely upon the physical facts attending in the area after the collision, as related by the investigating officer.

The general rule governing the relative obligations of drivers of vehicles approaching an intersection, as in the present case, is set forth in *Morris* v. *Bloomgren,* 127 Ohio St. 147, as follows, in the fifth paragraph of the syllabus:

"The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of the vehicle approaching from the left will obey the law by yielding the right of way. If however the former, just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation."

In view of this principle, the plaintiffs-appellants' first assignment of error, which challenges the weight of the evidence, has been the source of considerable difficulty in this case. As heretofore indicated, the defendant-appellee was relegated completely to physical evidence in support of her allegation of contributory negligence, and some

of the officer's testimony upon this issue is more favorable to the plaintiffs-appellants than to the defendant-appellee.

The third assignment of error, wherein the plaintiff-appellants question the reference by counsel in final argument to the fact that a verdict for the insurance company would come from the defendant widow and her son, has also produced some apprehension in this case. Upon the whole record, this factor could have impressed the jury more than the defendant-appellee's evidence.

But even more decisive, in our opinion, is the fourth assignment of error, which challenges the following special instruction submitted to the jury by the trial court and argued in some detail to the jury by defendant-appellee during final argument.

"I charge you, as a matter of law, that *if you find* by a preponderance of the evidence that *Lowell Rudd,* the employee of plaintiff, Emmett Coil, *was negligent* in any one or more of the following respects, *that is, that* after discovering that the decedent, Billie Thomas, was not yielding the right of way, *he failed to apply the brakes or decrease the speed* of the truck; *that* after making such discovery *he failed to sound a horn signal; that* after making such discovery *he failed to turn the truck* to avoid the collision; or that he failed to make such discovery because he was not keeping a lookout ahead or to his sides, and that if such negligence contributed to proximately cause the accident, *then your verdict shall be for the defendant,* Virginia Thomas." (Emphasis ours.)

This instruction at its best is ambiguous and misleading. It presumes that the failure to perform the acts set forth therein constitutes negligence without reference to the limited requirement of ordinary care under the circumstances. Furthermore, the charge is not wholly responsive to the evidence.

The driver of the truck had no unqualified duty to apply the brakes, decrease his speed, sound the horn or turn the truck while keeping a lookout ahead and to his sides. Indeed, the accomplishment of all of these things while

driving a heavy truck at a legal rate of speed in an emergency situation created by the negligence of the operator of the automobile would require unusual and extraordinary dexterity and co-ordination.

The defendant-appellee's grammatical analysis and breakdown of the subject charge during final argument further illustrates its erroneous implications.

We find no other prejudicial error in the record, but, for the reasons stated, the judgment must be reversed and the cause remanded for a new trial.

*Judgment reversed.*

CRAWFORD, P. J., and SHERER, J., concur.